Michelle K. Wolkey
Wolkey McKinley, P.S.
501 N. Riverpoint Blvd., Suite 111
Spokane, WA  99202
(509) 324-9500
(509) 324-9505 facsimile
mwolkey@wolkeymckinley.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY R. ALBIN, | ) |
|  | ) **No. CV 06-160 - EFS** |
| Plaintiff, | ) |
|  | ) **STIPULATED PROTECTIVE** |
| vs. | ) **ORDER** |
|  | ) |
| FARM POWER, a Washington State nonprofit corporation, | ) |
|  | ) |
| Defendant, | ) |
|  | ) |

Come now the parties, and stipulate to the following protective order pursuant to FRCP 26(c) and FRCP 29.

FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.1

1. This Protective Order governs the handling of information, including documents (as defined in FRCP 34), tangible things, depositions and deposition exhibits, interrogatory answers, responses to requests for admission, and other written, recorded, video recorded, electronic or graphic matter ("discovery material") produced by any party or nonparty during the proceedings in this action, which contains "confidential" information as hereinafter defined.

2. Discovery material produced in this action by any party or nonparty which contains or discloses information alleged to be of a non-public commercially sensitive nature or is alleged to be technical or proprietary information claimed by that party or a nonparty to be its own trade secret information or the trade secret of another to whom it owes an obligation of confidentiality, may be designated by the producing party or non-party as "confidential" ("Confidential Discovery Material").

In agreeing that parties and nonparties may designate discovery material as Confidential Material, in the first instance, the non-designating parties do not necessarily endorse the propriety of any such designation and reserve all rights to challenge any such designation in accordance with paragraph 15 of this Protective Order by appropriate application to the Court.

Except as otherwise provided herein, all Confidential Discovery Material produced by any party or nonparty shall bear the legend "Confidential."

3. Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "Confidential Discovery Material" as the case may be shall be made by a statement to such effect on the record in the course of the

FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.2

**WOLKEY MCKINLEY** PS
ATTORNEYS AT LAW

501 N Riverpoint Blvd, Suite 111  |  Spokane, WA 99202  |  509-324-9500  |  509-324-9505 fax

deposition, or upon review of such transcript and exhibits by the designating party or its counsel within twenty (20) business days after counsel's receipt of the transcript. In the latter event, counsel shall make such designations by sending written notice to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of the transcript or exhibits. The notice shall reference this Order and shall identify the pages and/or exhibits so designated. All copies of transcripts designated in this fashion shall be marked "Confidential—Subject to Protective Order" and any exhibits shall be marked as "Confidential Discovery Material, in accordance with their designation. Before the expiration of such twenty (20) business days' period, all persons shall treat the information disclosed in the deposition and the transcript and exhibits as "Confidential Discovery Information" unless otherwise stated on the record.

4. A party or nonparty that inadvertently fails to mark an item as Confidential Discovery Material at the time of production shall promptly correct such failure after it comes to such party's attention. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as provided herein. Upon such notice, the receiving party shall return or destroy the previously unmarked items and all copies thereof to the extent reasonably possible.

5. All Confidential Material produced by any party or nonparty shall be used only for the prosecution or defense of this litigation, and not for any business, commercial or other purpose. Nothing contained in this Order shall affect the right of a party or nonparty to disclose or use its own information, regardless of the designation of that information as Confidential Material by any party or nonparty.

FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.3

**Wolkey McKinley** PS
ATTORNEYS AT LAW

501 N Riverpoint Blvd, Suite 111  |  Spokane, WA 99202  |  509-324-9500  |  509-324-9505 fax

6. As to all discovery material provided by any party or nonparty, its employees or former employees, under no circumstances, other than those specifically provided for in this or subsequent court orders, shall Confidential Discovery Material be disclosed to persons other than the following:

    a. Outside counsel for any party who are working directly on this matter, who have a need to know, and who have signed the attached undertaking (Exhibit A hereto), which undertaking shall be maintained at the offices of outside counsel.

    b. Regular employees and independent contractors of a party's outside counsel assisting in the conduct of this action, including, without limitation, other lawyers, provided that such other lawyers have a professional need to know for the purpose of this litigation only, and paralegals, legal secretaries, law clerks, and shorthand reporters, provided that all such persons shall have signed the undertaking (Exhibit A hereto) prior to having access to Confidential Discovery Material and shall have transmitted the same to outside counsel for such party (who shall maintain such undertakings at its offices).

    c. Persons retained by any party as independent consultants or independent potential expert witnesses, provided that all such persons shall have signed the undertaking (Exhibit A hereto) prior to having access to Confidential Discovery Material and shall have transmitted the same to outside counsel for such party (who shall maintain such undertakings at its offices).

FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.4

      d.     The Court and its personnel.

      e.     Other persons only upon order of the Court, or upon stipulation of the parties.

      f.     Defendant Farm Power, Inc., its former, current and future Board Members and its Project Manager.

      g.     Plaintiff Larry Albin.

7.    Any person receiving Confidential Material under the terms of this Order shall be subject to the jurisdiction of this Court for purposes of any proceedings relating to the performance under compliance with or violations of this Order.

8.    If any Confidential Material is disclosed to any person other than in a manner authorized by this Order, the party or nonparty responsible for the disclosure, or who has knowledge of such disclosure, upon discovery of the disclosure, shall immediately inform the designating party of all non-privileged facts pertinent to the disclosure that are known to that party or non-party, including the name, address and employer of the person to whom the disclosure was made, and shall immediately make all reasonable efforts to prevent further unauthorized disclosure.

9.    Any person who receives any Confidential Material shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material.

FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.5

**Wolkey McKinley** ps
ATTORNEYS AT LAW

501 N Riverpoint Blvd, Suite 111 | Spokane, WA 99202 | 509-324-9500 | 509-324-9505 fax

10. If any Confidential Discovery Material or information derived therefrom is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers or the confidential portions thereof (if such portion is segregable) under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portion thereof subject to the sealing of the application shall be lodged under seal.

In the event that counsel for any party determines to file in or submit to this Court any Confidential Discovery Material or information derived therefrom, or any papers containing or making reference to such material or information, such documents or videotapes shall be filed only in a sealed envelope or protective enclosure for videotape on which a statement substantially in the following form shall be endorsed:

"SEALED"

**"This envelope or videotape contains confidential documents or videotape that are subject to a Protective Order entered by the Court in this action governing use of discovery material. The enclosed materials may not be examined or copied except by the Court and its staff, or pursuant to Court order."**

FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.6

The first page of any pleading containing Confidential Material (whether in text or within an attached exhibit) shall also state that the document contains Confidential Material and is submitted under seal.

11. The terms and limitations of this Protective Order shall not be modified or deviated from except upon written stipulation by counsel for the parties, or by Order of this Court.

12. In the event additional persons become parties to this litigation, they shall not have access to Confidential Material produced by or obtained from any party or nonparty until the newly-joined party, by its counsel, and existing parties, by their counsel, have executed and filed with the Court their agreement to this Protective Order or to such other Protective Order as may then be in effect, and such Confidential Material may be provided only in accordance with such Protective Order.

13. Upon conclusion of this litigation, all Confidential Material and all copies thereof shall either be returned within sixty (60) days of the conclusion of this litigation to the producing party or nonparty, or shall be certified to have been destroyed, at the option of the non-producing party; provided, however, that outside counsel may confidentially and securely retain in accordance with the provisions herein one copy of any work product, pleadings and related material.

14. If a party disagrees with the "Confidential Discovery Material" designation, it shall first attempt to resolve the dispute through good faith negotiation with the designating party or nonparty. If the matter cannot be resolved, the party may challenge the designation by motion to the Court. The

FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.7

**WolkeY McKinleY**ps
ATTORNEYS AT LAW

501 N Riverpoint Blvd, Suite 111  |  Spokane, WA 99202  |  509-324-9500  |  509-324-9505 fax

party making the designation shall have the burden to establish that its Confidential is supported by good cause.

15. The production of any discovery materials by any party or nonparty in this litigation, and the use thereof in this litigation in compliance with the terms of this Protective Order, shall be and is hereby directed by the Court. Such production and use shall not be a violation or breach by the producing party or nonparty of any agreements between the producing party or nonparty and any other party, nonparty, or other entity.

16. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties will meet and confer in good faith prior to trial to establish procedures for the use of Confidential at trial.

17. Nothing in this Protective Order shall require disclosure of materials a party contends are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other basis conferred by the Federal Rules of Civil Procedure, or other applicable law. This paragraph shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials.

18. The authorization contained herein for the parties to designate any documents, materials, testimony, or information produced in connection with this action as Confidential Material is intended solely to facilitate discovery and preparation for trial of this action, and such designation shall not be construed in any way as an admission or agreement by the other parties that such information constitutes or contains confidential, proprietary, or trade secret information under applicable law for purposes of this case or any other

FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.8

matter.

19. The inadvertent or unintentional production of documents, materials, testimony, or information containing, or other disclosure of, confidential, proprietary, or trade secret information without being designated as Confidential Material at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The inadvertent or unintentional production of documents or other information containing privileged information or attorney work product shall not be deemed a waiver in whole or in part of a party's claim of privilege or work product protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or production shall be corrected as soon as reasonably possible after the designating party becomes aware of the error. The production of documents or other tangible filings pursuant to a request for production by a party herein shall not be deemed a waiver of any right by the producing party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege, or other valid grounds of objection. In the event of inadvertent or unintentional disclosure/production, counsel and the parties shall comply with ABA Committee on Ethics and Professional Responsibility, Formal Opinion 92-368. The parties agree that with regard to electronic discovery, there shall be a presumption that any disclosure of privileged or work product information addressed in this Section is presumed to be inadvertent and unintentional.

20. The restrictions and obligations set forth in this Protective Order shall not apply to documents, materials, testimony, or information to which the parties agree, or the Court rules:

      (a) are already public knowledge; or

      (b) become public knowledge other than as a result of disclosure, directly or indirectly, by a receiving party; or

      (c) have come or shall come into the receiving party's legitimate possession from some source other than a party to this Action.

21. Nothing in this Protective Order shall restrict a party or its counsel from using or disclosing documents, materials, testimony, or information which they already possess by proper means or may acquire by proper means in the future independent of the formal discovery process in this Action. This section shall not apply to any information that is privileged or work-product.

The foregoing Stipulated Protective Order is agreed to and accepted as to both form and substance.


WOLKEY McKINLEY

*Michelle K Wolkey*
MICHELLE K. WOLKEY
WSBA #20249
Attorneys for Defendants


FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.10

**Wolkey McKinley** PS
ATTORNEYS AT LAW

501 N Riverpoint Blvd, Suite 111  |  Spokane, WA 99202  |  509-324-9500  |  509-324-9505 fax

LAW OFFICE OF TIM SPELLMAN, PLLC

*(signature)* #36843 for Tim Spellman

Tim Spellman
WSBA #34193
Attorneys for Plaintiff Albin

PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED this 1st day of February 20 07.

s/ Edward F. Shea
―――――――――――――――――
Edward F. Shea
United States District Court Judge

FPI.PO.PLDG.DOC

STIPULATED PROTECTIVE ORDER . . . P.11

**Wolkey McKinley** PS
ATTORNEYS AT LAW

501 N Riverpoint Blvd, Suite 111  |  Spokane, WA 99202  |  509-324-9500  |  509-324-9505 fax